1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HYRUM JOSEPH WEST,

     Plaintiff,

vs.

NYE COUNTY, et al.,

     Defendants.

Case No. 2:13-cv-00271-APG-VCF

**ORDER**

Plaintiff has paid the initial partial filing fee.  Before the court are his motion for leave to file complaint in excess of (2) two pages (#2) and his civil rights complaint pursuant to 42 U.S.C. § 1983.  The court grants plaintiff's motion.  The court has reviewed the complaint, and plaintiff will need to file an amended complaint to correct defects.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands

1
2
3

more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

4
5
6
7

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

8   Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

9        At all relevant times, plaintiff was in the custody of the Nye County Sheriff. In count 1,

10  plaintiff alleges that the old Nye County Detention Center in Pahrump had asbestos, mold, and poor

11  ventilation. When construction on the new jail began, vibration from the construction dislodged the

12  asbestos and the mold into the old jail's ventilation system. Plaintiff alleges that he developed a

13  throat abscess and high blood pressure in late February 2011; he did receive treatment for those

14  conditions.

15       "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action

16  under section 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists

17  if the failure to treat a prisoner's condition could result in further significant injury or the

18  'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

19  1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller,

20  104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor

21  or patient would find important and worthy of comment or treatment; the presence of a medical

22  condition that significantly affects an individual's daily activities; or the existence of chronic and

23  substantial pain are examples of indications that a prisoner has a 'serious' need for medical

24  treatment." McGuckin, 974 F.2d at 1059-60.

25       Deliberate indifference is subjective. The prison official cannot be held liable "unless the

26  official knows of and disregards an excessive risk to inmate health or safety; the official must both

27  be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and

28  he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994). "To show

-2-

1   deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was

2   medically unacceptable under the circumstances and that the defendants chose this course in

3   conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978,

4   988 (9th Cir. 2012) (internal quotations omitted). However, a difference of opinion over the

5   appropriate course of treatment does not amount to deliberate indifference. Toguchi v. Chung, 391

6   F.3d 1051, 1058 (9th Cir. 2004).

7         The first problem with count 1 is the lack of causation in plaintiff's allegations. He alleges

8   that there was asbestos and mold in the air and ventilation system of the jail, and he alleges that he

9   had high blood pressure and a throat abscess, but he does not allege that the asbestos and the mold

10   caused the high blood pressure and the throat abscess. The court does not have the knowledge of

11   medical conditions to make that conclusion on its own.

12         The second problem with count 1 is that plaintiff has not satisfied the subjective standard for

13   deliberate indifference. Plaintiff identifies four defendants related to count 1: Nye County, Sheriff

14   Anthony Demeo, Undersheriff Rick Marshall, and Sergeant Risen, whom plaintiff alleges is in

15   charge of everyday operations at the Pahrump jail. The court will address Nye County and the

16   official-capacity claims against other defendants below. The three individual defendants related to

17   count 1 are all supervisors. Supervisors cannot be liable pursuant to § 1983 simply because they are

18   supervisors. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 &

19   n.58 (1978). "A supervisor may be liable if there exists either (1) his or her personal involvement in

20   the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's

21   wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

22   1989). See also Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff reported his illness to

23   deputies who are not defendants, the deputies sent him to a doctor, and the doctor sent him to a

24   hospital in Las Vegas. The named defendants played no role in these events. Plaintiff has not

25   alleged any personal involvement or causal connection between the named defendants and his

26   illness. Plaintiff does allege that the named defendants knew about the asbestos and the mold, but,

27   as noted above, there is no allegation that the asbestos and the mold caused plaintiff's illness.

28

-3-

1    Nye County and the defendants in their official capacities[1] may be liable only if any
2 constitutional violations that he suffered occurred as a result of an official policy or custom. Monell
3 v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978). Assuming that
4 the asbestos or the mold caused plaintiff's illness, plaintiff has not alleged any facts that this was the
5 result of official policy or custom. Indeed, plaintiff's allegations show that the policy was to build a
6 new jail. According to plaintiff, vibration from the construction has dislodged asbestos and mold
7 into the old jail's ventilation system. Plaintiff would need to allege facts indicating that official
8 policy recognized that problem yet kept him in the old jail despite the risk to his health.

9    Count 1 contains an allegation unrelated to the asbestos and mold. Plaintiff alleges that the
10 jail had no medical screening procedures, and that he was near an inmate who was so ill that
11 eventually the inmate had to be released on his own recognizance. Plaintiff has not alleged what the
12 serious risk was, nor has he alleged who, if anybody, knew about that risk and disregarded it.

13    Count 2 involves an incorrect diagnosis. At the time, plaintiff appears to have been in the
14 Nye County Detention Center in Tonopah. Between March 2 and early May, 2011, plaintiff
15 developed two lumps in his abdomen. Plaintiff alleges that on May 19, 2011, unidentified doctor
16 Doe #1 diagnosed the lumps as prostrate swelling and prescribed medication. On June 3, 2011,
17 plaintiff saw a mental health doctor, Frank Tappo, via teleconference. Plaintiff told Dr. Tappo
18 about his condition and diagnosis. Dr. Tappo suggested that Doe #1 was incorrect and that the
19 prescribed medication be withdrawn. On September 15, 2011, unidentified doctor Doe #2
20 diagnosed plaintiff with "G.U.R.D." On December 8, 2011, plaintiff was transferred to the custody
21 of the Nevada Department of Corrections. A few days later, the prison's intake medical
22 examination diagnosed plaintiff with a hernia.

23    Plaintiff's claims in count 2 that Nye County, the Nye County Medical Clinic, Nye County
24 Health and Human Services, Shirley Trummell, Karen Smith, Sergeant Risen, and Sergeant
25 Rousavil conspired together to refuse to recognize that plaintiff had a hernia or a problem with high

26

27    [1]A claim against a person in his official capacity is another way of suing the entity that
28 employs the person. Kentucky v. Graham, 473 U.S. 159, 165 (1984). In this case, that entity is Nye County.

1  blood pressure. The two county departments are not entities capable of suing or being sued in their
2  own right. Therefore, they are redundant to Nye County. Defendants Trummell and Smith are the
3  director and an employee, respectively, of Nye County Health and Human Services. Defendant
4  Rousavil coordinates medical services at the Tonopah jail.

5        The two county departments are not entities that are capable of suing or being sued in their
6  own rights. They are part of Nye County. Plaintiff should omit them from his amended complaint.

7        The claim against Nye County and the other defendants in their official capacities suffers a
8  similar defect as that in count 1. Plaintiff has not alleged any facts that an official policy or custom
9  was the reason why he was not diagnosed with a hernia.

10       Plaintiff's claim about his high blood pressure is vague. Nowhere in count 2 does he allege
11  that he is suffering from high blood pressure, except in the two paragraphs where he claims that the
12  defendants refuse to treat it. Plaintiff did allege in count 1 that he suffered from high blood pressure
13  in late February 2011, but his allegations in that count indicate that he did receive treatment, and he
14  has not alleged that he suffered from high blood pressure since that time.

15       Of the four individual defendants named in count 2, plaintiff has not alleged any facts
16  indicating that they were deliberately indifferent. In fact, plaintiff has not alleged any involvement
17  by Sergeant Risen. Plaintiff claims that they should have known that he had a hernia, but none of
18  them are doctors. Plaintiff claims that they cancelled medical appointments, but his allegations
19  show that he was seen by doctors soon after those cancellations. Most importantly, the four
20  individual defendants in count 2 were not the people who diagnosed plaintiff incorrectly. The
21  people who made the incorrect diagnoses were two unidentified "Doe" doctors. In short, the facts
22  that plaintiff alleges in count 2 indicate that the four individual defendants did what plaintiff wanted
23  them to do, though perhaps not as quickly as plaintiff would have liked, and that plaintiff's real
24  complaint appears to be with people who are not defendants.

25       In one paragraph of count 3, plaintiff alleges that the defendants did not allow him to see Dr.
26  Tappo as often as plaintiff would have liked, which caused plaintiff additional stress. This
27  paragraph does not state a claim because plaintiff must prove physical injury, which he has not
28  alleged, before he can recover for mental or emotional injuries. 42 U.S.C. § 1997e(e). The

1   remaining paragraphs of count 3 appear to be a conclusion for counts 1 and 2. If plaintiff has an

2   independent claim in those paragraphs, then he will need to be more explicit in the amended

3   complaint.

4       IT IS THEREFORE ORDERED that plaintiff's motion for leave to file complaint in excess

5   of (2) two pages (#2) is **GRANTED**.

6       IT IS FURTHER ORDERED that the clerk of the court file the complaint.

7       IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim

8   upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights

9   complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is

10  entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.

11  Failure to comply with this order will result in the dismissal of this action.

12      IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such

13  by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42

14  U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:13-cv-00271-

15  APG-VCF, above the word "AMENDED."

16      DATED:  *May 26, 2013*

17

18

19                      ANDREW P. GORDON
                    United States District Judge

20

21

22

23

24

25

26

27

28