**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| HYRUM JOSEPH WEST,<br><br>            Plaintiff,<br><br>vs.<br><br>NYE COUNTY DETENTION CENTER, *et al*.,<br><br>            Defendants. | Case No. 2:13–cv–271–APG–VCF<br><br>**ORDER** |

This matter involves incarcerated *pro se* Plaintiff Hyrum Joseph West's civil rights action against Nye County Detention Center and others. Three motions are before the court: (1) West's motion to provide discovery of unserved defendants (#23); (2) West's motion to extend the discovery cut-off date (#25); and West's motion for discovery (#26). The motions are unopposed. For the reasons stated below, West's motion regarding Sargent Risen is granted and West's motions to extend and for discovery are denied. Each motion is addressed below.

**I.     West's Motion Provide Discovery of Unserved Defendants is Granted**

West's motion to provide discovery of unserved defendants seeks an order from this court directing the U.S. Marshal's to serve Defendant Sargent Risen. An incarcerated pro se litigant proceeding *in forma pauperis* must "be allowed the chance to serve defendants personally through the Marshal's Service." *Romandette v. Weetabix Co.*, Inc., 807 F.2d 309, 311 (2nd Cir. 1986); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Here, West moves the court for an order directing the U.S. Marshal's to serve Defendant Sargent Risen. However, West does not have Sargent Risen's current address.

Therefore, Defendants are ordered to file Sargent Risen's last known address with the court under seal. Once Defendants file Sargent Risen's last known address with the court, the court will enter an order directing the U.S. Marshal to serve Sargent Risen pursuant to 28 U.S.C. § 1915(d).

## II.     West's Motion to Extend is Denied

Next, West moves the court to extend the discovery cut-off date from January 1, 2015, to February 1, 2015. West argues that a thirty-day extension is needed because the current discovery cut-off date falls on the holiday season. West's motion is not ripe for review. No scheduling order had been entered when West filed his motion. Accordingly, there was no deadline to extend. Pursuant to LR 16-1(b), the court will enter a scheduling order on July 24, 2014.

## III.    West's Motion for Discovery is Denied

Finally, West also moves the court for an order compelling Defendants to produce a variety of documents. (*See* Mot. for Disc. (#26) at 2–3). West's motion is denied for two reasons. First, pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-7(b), "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." LR 26-7(b); *see also* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

It is axiomatic that failure to comply with Rule 37's certification requirement or Local Rule 26-7(b) warrants the denial of a motion. *See Shuffle Master, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 172 (D. Nev. 1996) (holding that personal consultation means the movant must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention).

Second, West is advised that under the Federal Rules there is no such thing as a "motion for discovery." West may propound discovery requests as permitted by the Federal Rules of Civil Procedure and applicable local rules. This includes depositions (*see* Rule 30), interrogatories (*see* Rule 33), requests for production of documents (*see* Rule 34), and requests for admissions (*see* Rule 36). If West makes a valid discovery request under one of these Rules and Defendants refuse to comply with West's valid request, then West may file a motion to compel discovery under Rule 37. In the event that West satisfies Rule 37's requirements, the court may then order Defendants to disclose the information. Here, however, these conditions have not been met.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that West's motion to provide discovery of unserved defendants (#23) is GRANTED.

IT IS FURTHER ORDERED that Defendants will file Sargent Risen's last known address UNDER SEAL.

IT IS ORDERED that West's motion to extend the discovery cut-off date (#25) is DENIED.

IT IS ORDERED that West's motion for discovery (#26) is DENIED.

IT IS SO ORDERED.

DATED this 21st day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE