# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| HYRUM JOSEPH WEST,<br><br>           Plaintiff,<br><br>vs.<br><br>NYE COUNTY., *et al.*,<br><br>           Defendants. | 2:13-cv-00271-APG-VCF<br>**ORDER**<br><br>MOTION TO RENEW MOTION TO COMPEL DISCOVERY [ECF NO. 69], MOTION FOR APPOINTMENT OF *PRO BONO* COUNSEL [ECF NO. 70], MOTION FOR SANCTIONS PER DISCOVERY RULE 26(G) [ECF NO. 72] |

      Before the Court are Plaintiff Hyrum Joseph West's Motion to Renew Motion to Compel Discovery (ECF No. 69), Motion for Appointment of *Pro Bono* Counsel (ECF No. 70), and Motion for Sanctions Per Discovery Rule 26(g) (ECF No. 72). For the reasons discussed below, each of Plaintiff's motions are denied. However, the Court will extend the date for the parties to complete discovery in this case.

      On August 25, 2015, the District Court granted Defendants' Motion for Summary Judgment in its entirety. (ECF No. 53). Plaintiff filed a Notice of Appeal. (ECF No. 58). On May 10, 2017, the Ninth Circuit affirmed the District Court's order in part, but vacated the summary judgment ruling on Plaintiff's "conditions-of confinement claim against defendants Nye County and Demeo, Marshall, and Rising in their official capacities, based on the alleged policy or custom of using the old Pahrump jail during construction of the new jail facility despite allegedly inhumane conditions." (ECF No. 60 at 5).

On January 22, 2018, District Judge Gordon issued Order on Mandate, ordering that discovery in matter be "reopened only on the issues of (1) the conditions existing in the old Pahrump jail during [Plaintiff]'s confinement there and (2) Nye County's policies or customs relating thereto." (ECF No. 63). Judge Gordon ordered that discovery would be completed by April 23, 2018. (*Id.*).

On January 26, 2018, Plaintiff filed his motion to reopen the case and discovery. (ECF No. 64). Plaintiff asked the Court to compel Defendants to answer certain discovery requests he made in 2014 relating to the conditions of his confinement. (*Id.* at 2-8). The Court denied the motion, finding that Plaintiff likely mailed his motion prior to receiving notice of the Order on Mandate reopening discovery and the motion was moot. (ECF No. 68).

On April 9, 2018, Plaintiff filed a motion to renew his motion to compel discovery (ECF No. 69) and to appoint *pro bono* counsel (ECF No. 70). Plaintiff asserts that he has not received any discovery from the Defendants and needs the Court's intervention to compel discovery. (ECF No. 69 at 1). Plaintiff provides no factual or legal basis for his request for *pro bono* counsel. On April 30, 2018, Plaintiff filed a motion for sanctions against Defendant, again asserting that he has received no discovery from the Defendants. (ECF No. 72).

Plaintiff has failed to serve any new discovery requests on Defendants since the case was remanded from the 9th Circuit. (ECF No. 71 at 2; ECF No. 74 at 3). Plaintiff appears to believe that the 9th Circuit's decision required Defendants to respond to discovery requests sent in 2014. (ECF No. 73 at 2). This is not correct.

By reopening discovery, the Court was not ordering Defendants to respond to discovery requests made before Plaintiff appealed the case to the 9th Circuit. If Plaintiff wants discovery from the Defendants, he must serve new discovery requests on them. The Court will not compel Defendants to answer discovery requests from 2014 or sanction them for failing to answer these requests.

However, the Court will provide additional time for Plaintiff to serve new discovery requests on Defendants. The discovery deadline in this case will be extended from April 23, 2018 to June 29, 2018.

Dispositive motions are due by July 30, 2018. The Joint Pretrial Order is due August 30, 2018, or 30 days after all dispositive motions are decided.

The Court also denies Plaintiff's motion to appoint *pro bono* counsel without prejudice. Plaintiff's request was made without any factual or legal support. "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).

Accordingly, and with good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Renew Motion to Compel Discovery (ECF No. 69), Motion for Appointment of *Pro Bono* Counsel (ECF No. 70), and Motion for Sanctions Per Discovery Rule 26(g) (ECF No. 72) are DENIED.

IT IS FURTHER ORDERED that the Court now extends the discovery deadlines as follows:

| | |
|---|---|
| Discovery Cut-off | June 29, 2018 |
| Dispositive Motions | July 30, 2018 |
| Joint Pretrial Report | August 30, 2018. |

DATED this 8th day of May, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE